UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROBERT EDWARD BAKER, | ) NO. CV 09-7600 DDP (FMO) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MATTHEW CATE, Warden, | ) |
| Respondent. | ) |

On October 20, 2009, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On March 25, 2010, respondent filed a Return to the Petition ("Return"). Petitioner did not file a Reply.

On July 20, 2011, the United States Magistrate Judge issued a Report and Recommendation recommending denying the pending Petition with prejudice. On August 5, 2011, petitioner filed Objections to the Report and Recommendation ("Objections").

In his Objections, petitioner first objects to the Magistrate Judge's finding that he did not file a Reply. (See Objections at 1-2). Petitioner does not contend that he filed a Reply. (Id.). Instead, he claims he never received a copy of the Return, (id.), even though respondent mailed the Return to petitioner on March 25, 2010. (See Declaration of Service by U.S. Mail attached to Return). However, even if true, petitioner's argument provides no basis for rejecting the Report

1 | and Recommendation. Petitioner has not shown that any Reply he could have filed would have
2 | raised a meritorious issue or substantively altered the Report and Recommendation in any
3 | fashion. (See, generally, Objections at 1-10). Moreover, a reply is not required and the failure
4 | to file a reply does not disqualify a deserving petitioner from obtaining habeas corpus relief. See
5 | Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254 ("The petitioner *may* submit a reply
6 | to the respondent's answer. . . .") (emphasis added); Lee v. Hedgpeth, 2009 WL 2502144, at *1
7 | (E.D. Cal. 2009) ("Petitioner was not required to file a 'traverse' or reply brief. The failure to do
8 | so did not necessarily prejudice Petitioner.").

9 | Petitioner also objects to the Report and Recommendation's finding that petitioner raised
10 | only a single ground for relief. (Objections at 2-4). Petitioner argues that the Petition also raised
11 | the following claims: (1) since the Appeals Coordinator made a post-hearing investigation into the
12 | facts of the incident, petitioner did not receive advanced written notice of the charges against him
13 | in violation of due process of law; and (2) petitioner was denied due process of law when the
14 | Senior Hearing Officer telephoned the reporting Correctional Officer to clarify the location where
15 | the cell phone was found. (Id.). However, as discussed in the Report and Recommendation, the
16 | pending Petition sets forth only a single claim for relief: "Petitioner's right to due process was
17 | violated when, without any evidence of 'control and dominion,' he was found guilty of possessing
18 | contraband." (Petition at 5). Petitioner did not separately allege he was denied due process of
19 | law in any other respect. (See id. at 5-6).

20 | In any event, petitioner's arguments are without merit. Petitioner was given "written notice
21 | of the charges" against him and more than 24 hours to prepare for his appearance at the
22 | disciplinary hearing, as required by Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979
23 | (1974), (see Lodgment No. 9), and petitioner was not denied due process of law when the Senior
24 | Hearing Officer permitted Correctional Officer R.K. Pritchard to appear via speaker phone. See
25 | Wolff, 418 U.S. at 567-68, 94 S.Ct. at 2980-81 (whether to allow confrontation and cross-
26 | examination of witnesses at prison disciplinary hearings is left "to the sound discretion of the
27 | officials of state prisons."); Zimmerlee v. Keeney, 831 F.2d 183, 187 n. 2 (9th Cir. 1987), cert.
28 |

denied, 487 U.S. 1207 (1988) ("Confrontation and cross examination are not generally required and are left to the sound discretion of the prison official.").

Moreover, petitioner's citation of various cases defining "constructive possession" in the criminal law context, (see Objections at 8-10), is misplaced since "the requirements of due process [in the prison disciplinary context] are satisfied if some evidence supports the [disciplinary] decision[,]" Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774 (1985), and evidence that might be sufficient to satisfy this "less demanding" standard, might not be sufficient to demonstrate that a defendant was guilty beyond a reasonable doubt, as required to sustain a criminal conviction. See Edwards v. Balisok, 520 U.S. 641, 647, 117 S.Ct. 1584, 1588 (1997) ("The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution. . . ."); Moffat v. Broyles, 288 F.3d 978, 981 (7th Cir. 2002) ("[A] prison [disciplinary board] need not show culpability beyond a reasonable doubt or credit exculpatory evidence. It is enough, as far as the federal Constitution is concerned, if 'some evidence' supports the disciplinary board's conclusion."); Silva v. Salazar, 2011 WL 3319435, at *5 n. 8 (C.D. Cal.), report and recommendation adopted by 2011 WL 3273883 (C.D. Cal. 2011) ("Since due process is satisfied if the disciplinary decision meets the minimally stringent 'some evidence' standard, petitioner's numerous citations to cases addressing whether there was sufficient evidence to establish beyond a reasonable doubt that a defendant was guilty of threatening conduct in violation of California Penal Code §§ 69 or 422 are irrelevant.") (citations omitted).

Petitioner's remaining objections simply reargue the sufficiency of the evidence, (see Objections at 4-10), and are rejected for the reasons set forth in the Report and Recommendation.

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge.

Based on the foregoing, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: _____May 29_____, 2012.

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE